IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| United States of America, | ) |
| Plaintiff | ) |
| | ) Case No: 18 CV 50252 |
| v. | ) |
| Quincy D. Hubbard, | ) Judge Philip G. Reinhard |
| Defendant. | ) |

**ORDER**

For the reasons stated below, Quincy D. Hubbard's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, taken by the court as a petition pursuant to 28 U.S.C. § 2255, is dismissed for want of jurisdiction. This matter is closed.

**STATEMENT-OPINION**

Quincy D. Hubbard, a federal prisoner, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the District of Minnesota. Petitioner's petition was denied and he appealed to the Eighth Circuit Court of Appeals. The matter was then transferred to this court.

**Procedural History**

On June 15, 2006, petitioner pleaded guilty to one count of possession with intent to distribute a controlled substance and one count of unlawful possession of a firearm. *See* [34], Case No. 05CR50055. Petitioner was subsequently sentenced to a total of 294 months incarceration. *Id*. at [38]. Petitioner filed a notice of appeal on October 20, 2006. *Id*. at [39]. The Seventh Circuit Court of Appeals dismissed petitioner's appeal on August 15, 2007. *Id.* at [54]. On June 17, 2008, petitioner filed a petition under 28 U.S.C. § 2255, arguing the impropriety of the search warrant and ineffective assistance of counsel. *See* [1], Case No. 08CV50105. On March 10, 2009, the court denied petitioner relief under § 2255. *Id*. at [12]. Petitioner filed a notice of appeal of the court's order, *id*. at [14], and the Seventh Circuit (construing petitioner's notice of appeal as a certificate of appealability) denied petitioner relief. *Id*. at [24]. Next, on November 2, 2011, petitioner filed a motion for a reduced sentence pursuant to 18 U.S.C. § 3582. *See* [60], Case No. 05CR50055. Receiving no objection, on October 29, 2012, the court reduced petitioner's sentence to 262 months. *Id.* at [64]. Petitioner then filed a motion for reconsideration of the court's order reducing his

1

sentence by 32 months, which the court denied. *Id*. at [67], [72]. Petitioner also appealed the court's sentence reduction. *Id*. at [68]. On May 28, 2013, the Seventh Circuit affirmed the court's denial of petitioner's motion for reconsideration. *Id*. at [77]. Next, petitioner filed another motion for reduction of sentence pursuant to 18 U.S.C. § 3582, which the court denied on March 30, 2017. *Id*. at [80], [91].

This brings us to petitioner's latest filing that has been brought to the court's attention. On May 30, 2017, petitioner filed a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the District of Minnesota. *See* [1], Case No. 17CV1805, U.S. District Court, District of Minnesota. At the time of the filing, petitioner was being held at the Federal Medical Center in Rochester, MN. Petitioner's petition argued that this court's application of the career offender enhancement was erroneous in light of *Mathis v. United States*, 136 S. Ct. 2243 (2016). *Id*. On October 24, 2017, the Minnesota district court judge adopted the magistrate judge's order recommending dismissal of petitioner's § 2241 petition based on the fact that petitioner was seeking relief from his conviction and sentence - relief more properly brought in a 28 U.S.C.§ 2255 petition. The district court further found that petitioner was unable to establish that § 2255 was an "inadequate or ineffective" avenue for relief, which petitioner was required to demonstrate in order to challenge his sentence under § 2241. *See* [7], Case No. 17CV1805. The court, therefore, dismissed petitioner's § 2241 petition without prejudice. *Id*. Petitioner filed a notice of appeal of the district court's order "in its entirely" to the Eighth Circuit Court of Appeals. *Id*. at [9]. On April 25, 2018, the Eighth Circuit "transferred" the appeal to this court. *See* Case No. 17-3458, United States Court of Appeals for the Eighth Circuit. According to the Federal Bureau of Prisons' website, petitioner is currently housed at FCI Berlin in Berlin, NH. In now addressing petitioner's case from the Eighth Circuit, the court respectfully interprets the Eighth Circuit's April 25, 2018, order as a remand of the action to this district court rather than as a transfer of the appeal. Further, addressing the substance of petitioner's petition over form, the court interprets his § 2241 petition as a petition seeking relief under § 2255 (just as the District Court of Minnesota did).

**Legal Standard**

A federal prisoner who wishes to collaterally attack his conviction or sentence must, ordinarily, do so under 28 U.S.C. § 2255**.** *Melton v. U.S.*, 359 F.3d 855, 857 (7th Cir. 2004). "It is the relief a prisoner seeks, not the caption on the motion, that determines whether it comes under § 2255." *Wurzinger v. U.S.*, 306 Fed. App'x. 303, 304 (7th Cir. 2009). A collateral attack on a prisoner's federal sentence is a motion brought pursuant to 28 U.S.C. § 2255. *See Jackson v. U.S.*, 463 F.3d 635 (7th Cir. 2006); *Bradley v. Wisconsin*, 278 Fed.App'x. 659 (7th Cir. 2008). Importantly, a petition brought under § 2255 requires permission from the Seventh Circuit Court of Appeals "to launch this successive collateral attack." *U.S. v. Jones*, 553 Fed. App'x. 628, 629 (7th Cir. 2014). *See* Sections 105 and 106(b)(3) of the Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214, amending 28 U.S.C. § 2255; 28 U.S.C. § 2244(b)(3). "No matter how powerful a petitioner's showing, only [the Seventh Circuit] may authorize the commencement of a second or successive petition." *Nunez v. U.S.*, 96 F.3d 990, 991 (7th Cir. 1996). *See also Curry v. U.S.*, 507 F.3d 603 (7th Cir. 2007).

**Analysis**

This is petitioner's second effort to have the court review his sentence for error. As noted above, on June 17, 2008, petitioner filed a petition pursuant to 28 U.S.C. § 2255. *See* [1], Case No. 08CV50105.[1] In that petition, petitioner challenged his guilty plea based on an unreliable search warrant and ineffective assistance of counsel. The court stated that petitioner was not entitled to relief under § 2255 because (1) he was procedurally barred from bringing a claim regarding the search warrant because he did not raise that issue on direct appeal; and (2) he failed to show that his attorney's performance was outside the range of professionally competent assistance and that but for his counsel's errors the result would have been different.

Ten years later, petitioner filed a writ for habeas corpus pursuant to 28 U.S.C. § 2241 in his (then) place of incarceration, Minnesota. In that filing, petitioner argues, pursuant to *Mathis*, that this court erred in sentencing him under a career offender enhancement. The District Court of Minnesota dismissed petitioner's § 2241 petition finding that a challenge to a conviction or sentence must be brought under § 2255 unless petitioner could show that relief under § 2255 would be "inadequate or ineffective" (*see* 28 U.S.C. § 2255(e)), which petitioner was unable to do.[2] The court agrees with the District Court of Minnesota that the relief petitioner is seeking is relief available through a § 2255 petition. "It is the relief a prisoner seeks, not the caption on the motion, that determines whether it comes under § 2255." *Wurzinger v. U.S.*, 306 Fed. App'x. 303, 304 (7th Cir. 2009).

Because petitioner's current petition is, in fact, a petition brought under § 2255, he was required to obtain permission from the Seventh Circuit Court of Appeals "to launch this successive collateral attack." *U.S. v. Jones*, 553 Fed. App'x. 628, 629 (7th Cir. 2014). *See* Sections 105 and 106(b)(3) of the Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214, amending 28 U.S.C. § 2255; 28 U.S.C. § 2244(b)(3). "No matter how powerful a petitioner's showing, only [the Seventh Circuit] may authorize the commencement of a second or successive petition." *Nunez v. U.S.*, 96 F.3d 990, 991 (7th Cir. 1996). *See also Curry v. U.S.*, 507 F.3d 603 (7th

---

[1] Petitioner's statement in his District Court of Minnesota § 2241 that he has "never filed a 2255" is inaccurate.

[2] A federal prisoner who wishes to collaterally attack his conviction or sentence must, ordinarily, do so under 28 U.S.C. § 2255, "but he may petition under section 2241 instead if his section 2255 remedy is 'inadequate or ineffective to test the legality of his detention.'" *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012) (quoting 28 U.S.C. § 2255(e) (sometimes referred to as the "savings clause")). A petitioner who seeks to invoke this "savings clause" of § 2255(e) must demonstrate: "(1) that he relies on not a constitutional case, but a statutory-interpretation case, so that he could not have invoked it by means of a second or successive section 2255 motion; (2) that the new rule applies retroactively to cases on collateral review and could not have been involved in his earlier proceeding; and (3) that the error is grave enough to be deemed a miscarriage of justice corrigible therefore in a habeas corpus proceeding such as one resulting in a conviction for a crime of which he was innocent." *Camacho v. English*, 872 F.3d 811, 813 (7th Cir. 2017) (citing *Brown*). *See also In re Davenport*, 147 F.3d 605, 610-12 (7th Cir. 1998).

Cir. 2007). Petitioner has not obtained permission from the Seventh Circuit to bring this petition; therefore, the court must dismiss.

However, even if petitioner was able to bring his petition under § 2241, his claim fails. Petitioner relies on *Mathis* for the proposition that his prior conviction cannot give rise to a sentence enhancement. However, considering petitioner's procedural history of challenging his conviction and sentence under § 2255, in order for petitioner to qualify for any post-conviction relief under § 2241, he must show that he had "no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction because the law changed after his first 2255 motion." *In re Davenport*, 147 F.3d at 611.

Here, petitioner is foreclosed from § 2241 relief because while *Mathis* was decided after petitioner's § 2255 petition, *Mathis* has not been declared retroactive to cases on collateral review by the Supreme Court. *Holt v. United States*, 843 F.3d 720, 722 (7th Cir. 2016). Moreover, *Mathis* did not announce a new rule. "A case announces a new rule when it breaks new ground or imposes a new obligation on the States or the Federal Government." *Teague v. Lane*, 489 U.S. 288, 301 (1989). The holding of *Mathis* - a defendant's prior conviction may not give rise to a sentencing enhancement if the elements of the state crime are broader than those of the generic crime - was not the announcement of a new rule. "For more than 25 years, we have repeatedly made clear that application of [enhanced penalties] involves, and involves only, comparing elements." *Mathis*, 136 S.Ct. at 2257. *Mathis* does not announce a new rule. Therefore, petitioner had the opportunity to fully develop his argument in his previous post-conviction petitions. He cannot rely on *Mathis* to meet his burden to bring a writ under § 2241 through the savings clause of § 2255(e).

Therefore, because petitioner has not obtained permission from the Seventh Circuit to bring this motion, this court has no choice but to dismiss it for want of jurisdiction. And even if this court could hear this matter, petitioner's petition fails to demonstrate that the holding in *Mathis* declares a new and retroactive rule. This case is closed.

Date: 07/25/2018                           ENTER:

*Philip G. Reinhard*
_____
United States District Court Judge

Notices Mailed by Judicial Staff. (LC)

4